# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICHARD ALLEN LUMPKIN, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 3:16-cv-01473<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Before the court is Richard Lumpkin's Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 1.) Lumpkin seeks to vacate and reduce the sentence entered upon his criminal conviction in *United States v. Lumpkin*, No. 3:95-cr-00065 (M.D. Tenn. Apr. 12, 1996) (Morton, J.), under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). As set forth herein, the court finds that *Johnson* does not apply to Lumpkin's claim and that the motion must be denied as time-barred.

## I. Procedural Background

Lumpkin was sentenced in April 1996 to a prison term of 405 months following his guilty plea to two counts of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1). The Sixth Circuit affirmed. *United States v. Lumpkin*, 159 F.3d 983 (6th Cir. 1998). Lumpkin's initial motion under § 2255 was denied, *Lumpkin v. United States*, No. 3:00-cv-00048 (M.D. Tenn. Jan. 10, 2001) (Campbell, J.), and the Sixth Circuit denied a certificate of appealability, *Lumpkin v. United States*, No. 01-5229 (6th Cir. Dec. 27, 2001).

On June 20, 2016, Lumpkin filed his present Motion to Vacate, arguing that his

sentencing range was calculated based on his classification as a career offender under the United States Sentencing Guidelines, under a clause of the guidelines identical to the statutory provision held to be unconstitutionally vague in *Johnson*.[1] Consideration of the Motion was stayed pending the Sixth Circuit's review of Lumpkin's application to file a second or successive petition. (Doc. No. 6.) After the appellate court granted that application on October 4, 2016 (*see* Doc. No. 7), Lumpkin filed a Supplemental Brief (Doc. No. 10), asking the court to postpone ruling on his motion until the "potential rehearing process" had been completed for *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). He expressly acknowledges therein that *Raybon* precludes the relief sought and that, unless the Sixth Circuit reversed course *en banc*, his motion must be deemed time-barred. (*See* Doc. No. 10, at 7.)

In its Response, the United States argues that the movant has not asserted a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3), and, therefore, that his motion is time-barred. (Doc. No. 12 (citing *Raybon*, 867 F.3d at 629–30).) Lumpkin thereafter filed a *pro se* Reply (Doc. No. 13).

**II.     Standard of Review**

28 U.S.C. § 2255 provides a statutory mechanism for a post-conviction challenge to the imposition of a federal sentence. In order to obtain relief under § 2255, a movant "'must

---

[1] The Presentence Report ("PSR") does not expressly identify what prior convictions the Probation Office included for purposes of characterizing Lumpkin as a career offender. It simply lists his prior convictions and then, under "Criminal History Computation," states that, although the "total of the criminal history points is 9, which establishes a criminal history category of IV, . . . the defendant is a career offender since the instant offense is a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (PSR at 10–11.) Because he was a career offender, his criminal history category was automatically VI. (*Id.* at 11 (citing U.S.S.G. § 4B1.1).) As Lumpkin noted in the present Motion, "[a]though the [PSR] does not so state, it appears that his offense level on his drug count was higher than the career offender range, but that his criminal history category was increased from a IV to a VI by application of the career offender guideline," which increased his sentencing range. (Doc. No. 1, at 2.) In its Response, the United States does not contest the implication that the career offender guideline only applied based on prior burglary convictions that would no longer qualify as crimes of violence except under the residual clause of the career offender guideline, § 4B1.2(1)(ii) (1994).

demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

A motion under § 2255 is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from "the latest of" four possible events, only two of which are relevant here:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

*Id.* § 2255(f)(1), (3). Because his conviction became final more than twenty years ago, the current motion is clearly time-barred if subsection (1) is the latest relevant event. Lumpkin claims that he is entitled to relief under subsection (3), because *Johnson* articulated a newly recognized right made retroactive on collateral review.

**III.   Analysis**

In *Johnson*, the Supreme Court held that the subsection of the ACCA that included within the scope of the definition of "violent felony" any crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—the so-called "residual clause"—was unconstitutionally vague and, therefore, that "an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2555–56. That holding was made retroactive to cases on collateral review by the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016).

Lumpkin was not sentenced under the ACCA. He nonetheless argues that his sentencing guideline range calculation—and therefore his sentence—was defective, because the definitional


language in the "career offender" guideline, U.S.S.G. § 4B1.2(1)(ii) (1994), encompassing "any offense" that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is nearly identical to the ACCA's residual clause found unconstitutional in *Johnson*. Indeed, the Sixth Circuit held on May 13, 2016 that the *Johnson* rationale applied with equal force to the residual clause in U.S.S.G. § 4B1.2, compelling the conclusion that the residual clause of § 4B1.2 is also unconstitutionally vague. *United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016). *Pawlak*, however, was subsequently abrogated by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court held that the *advisory* sentencing guidelines are not subject to the vagueness challenge identified in *Johnson*, because, unlike the ACCA, "the advisory Guidelines do not fix the permissible range of sentences." *Beckles*, 137 S. Ct. at 892.

*Pawlak*, consequently, no longer advances Lumpkin's position, but *Beckles* does not answer the question posed in this case either, because the decision was premised on the *advisory* nature of the Sentencing Guidelines. The Supreme Court did not declare that the Guidelines are advisory until 2005, in *United States v. Booker*, 543 U.S. 220, 245 (2005).[2] At the time Lumpkin was sentenced in 1996, the sentencing guidelines were mandatory, that is, "binding on district courts." *Beckles*, 137 S. Ct. at 894. The *Beckles* Court made clear that its decision declared "only that the *advisory* Sentencing Guidelines . . . are not subject to a challenge under the void-for-vagueness doctrine." *Id.* at 895 (emphasis added). *Beckles* left "open the question whether defendants sentenced to terms of imprisonment before [*Booker*]—that is, during the period in

---

[2] In *Pawlak*, the Sixth Circuit did not address the question of whether there was a distinction between the advisory (post-*Booker*) and mandatory (pre-*Booker*) guidelines or even mention the date of Pawlak's sentencing, but the case was heard on direct appeal rather than collateral review. Other documents available on Westlaw confirm that Pawlak was sentenced in 2015, well after *Booker*. *See United States v. Pawlak*, No. 4:14-CR-305, 2015 WL 13173231 (Feb. 2, 2015) (Order adopting Report and Recommendation that the defendant's plea of guilty be accepted).

which the Guidelines did fix the permissible range of sentences, may mount vagueness attacks on their sentences." *Id.* at 903 (Sotomayor, J., concurring).

Thus, as the United States argues (*see* Doc. No. 12, at 5), *Beckles* itself made it clear that the Supreme Court has not yet recognized the right that Lumpkin is asserting, because it did not address the question of whether application of the career offender guideline's residual clause at a time when the guidelines were deemed binding on the district courts is unconstitutional. Moreover, the Sixth Circuit has already answered the statute-of-limitations question raised here and held, under factually similar circumstances, that *Johnson* does not afford relief. *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017), *reh'g en banc denied* (Dec. 6, 2017), *cert. denied*, 138 S. Ct. 2661 (2018). In *Raybon*, the court stated:

> *Beckles* decided that *Johnson 2015* does not apply to the advisory sentencing guidelines. And whether it applies to the mandatory guidelines, which contain identical language as the ACCA provision at issue in *Johnson 2015*, is an open question. . . .
>
> Because it is an open question, it is not a "right" that "has been newly recognized by the Supreme Court" let alone one that was "made retroactively applicable to cases on collateral review." *See* § 2255(f)(3).

*Raybon*, 867 F.3d at 629, 630. The Sixth Circuit determined that *Johnson*'s holding "was limited to the ACCA and did not extend to other legal authorities such as the Sentencing Guidelines" and, therefore, that *Johnson* did not "establish[] the same right" that Raybon sought to assert. *Raybon*, 867 F.3d. at 630 (citations omitted). It held that, "[b]ecause the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague—and did not do so in *Johnson* . . . —Petitioner's motion is untimely under § 2255(f)(3)." *Id.* (citation and quotation marks omitted).

*Raybon* is binding on this court and compels the conclusion that Lumpkin's motion is likewise time-barred. The right he seeks to assert has never been established by the Supreme

Court. Section 2255(f)(3) does not apply, and the motion is barred by § 2255(f)(1).

## IV. Conclusion and Order

The Motion to Vacate is **DENIED** as time-barred.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. Because the court finds that the applicant has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court hereby **DENIES** a COA. The movant may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

In addition, the Clerk is **DIRECTED** to terminate the movant's Motion to Expedite Hearing on Motion to Modify Sentence (Doc. No. 14) and to refile it in the movant's criminal case, Case No. 3:95-cr-00065, as it pertains to the Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) filed in that case.

This is the final Order in this case. The Clerk shall enter judgment. Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge